UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LEEANDERS HENDERSON and ALEXANDRA MOORE,<br><br>　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>POLICE OFFICER THOMAS MORONEY and SERGEANT FILASTIN SROUR,<br><br>　　　　　　　Defendants. | ECF CASE<br><br>Case No. 14-CV-1261 (SAS) (MHD)<br><br>**<u>AMENDED COMPLAINT</u>**<br><br>**<u>JURY TRIAL DEMANDED</u>** |

COME NOW THE PLAINTIFFS, Leeanders Henderson and Alexandra Moore, by their attorney, Steven M. Warshawsky, for their complaint against the defendants, Police Officer Thomas Moroney and Sergeant Filastin Srour, and alleging as follows:

### **<u>NATURE OF THE CASE</u>**

1.　This is a civil rights action under 42 U.S.C. § 1983 arising from the plaintiffs' arrest on April 4, 2013, by officers of the New York City Police Department. These officers subjected the plaintiffs to false arrest, false imprisonment, and other abuses of police authority, without probable cause, arguable probable cause, or other legal justification. The plaintiffs are entitled to compensatory damages for the harms they suffered as a result of the defendants' unlawful actions, punitive damages to punish and deter the defendants from engaging in similar unlawful actions in the future, attorney's

-1-

fees and costs, and all available legal and equitable relief.  The plaintiffs demand trial by jury.

## PARTIES

2.     Plaintiff Leeanders Henderson is a citizen of New York, and resides in Long Island, New York.  Mr. Henderson was born in 1983.

3.     Plaintiff Alexandra Moore is a citizen of New York, and resides in Selden, New York.  Ms. Moore was born in 1988.

4.     Defendant Police Officer Thomas Moroney (Shield No. 16766) is an employee of the New York City Police Department.  Upon information and belief, his place of business is the Manhattan North Narcotics Bureau located at 2768 8th Avenue, New York, New York, 10039; (212) 694-8226. Officer Moroney personally participated in the unlawful police activity on April 4, 2013.  At all relevant times, Officer Moroney was acting under color of state law and in the scope of his employment with the NYPD.  Officer Moroney is being sued in his individual capacity under 42 U.S.C. § 1983.

5.     Defendant Sergeant Filastin Srour (Shield No. 3038) is an employee of the New York City Police Department.  Upon information and belief, her place of business is the NYPD Police Service Area 8 located at 2794 Randall Avenue, Bronx, New York, 10465; (718) 409-1505. Sergeant Srour personally participated in the unlawful police activity on April 4, 2013.  At all relevant times, Sergeant Srour was acting under color of state law and in the

scope of her employment with the NYPD.  Sergeant Srour is being sued in her individual capacity under 42 U.S.C. § 1983.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, because this action arises under the Constitution and civil rights laws of the United States.

7. This Court has venue over this action pursuant to 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the plaintiffs' claims occurred in this district.

8. There are no administrative exhaustion requirements for bringing the present civil rights action under 42 U.S.C. § 1983.

## FACTUAL ALLEGATIONS

9. The incident in this case took place on April 4, 2013, around 9:30 p.m., near the intersection of Bedford Park Boulevard and Valentine Avenue in Bronx, New York.

10. The incident began when Mr. Henderson and Ms. Moore were traveling in Ms. Moore's automobile (white 1995 Pontiac Grand Am) on Grand Concourse heading north.  Ms. Moore was driving and Mr. Henderson was in the front passenger seat.  They were conversing normally.  Their seat belts were fastened.

11. At all relevant times, Ms. Moore was in compliance with applicable vehicle and traffic laws.  Her automobile was in good working condition,

including the headlights, tail lights, brake lights, and turn signals. Her headlights were turned on. She was not speeding. She was not driving in a reckless manner. She was not talking or texting on a cell phone. She was obeying traffic signs and signals.

12. Ms. Moore stopped for a red traffic light at Grand Concourse and Bedford Park Boulevard. The plaintiffs noticed an NYPD patrol car directly behind them. When the traffic light turned green, Ms. Moore started to make a right turn onto Bedford Park Boulevard, when the police lights on the NYPD patrol car were activated. Ms. Moore pulled over to the side of the road and stopped her car, near the intersection of Bedford Park Boulevard and Valentine Avenue. The NYPD patrol car stopped behind her.

13. There was no probable cause, arguable probable cause, or other legal justification for the traffic stop. Ms. Moore had not violated any vehicle and traffic laws. The traffic stop was illegal.

14. Officer Moroney and Sergeant Srour knew that there was no probable cause, arguable probable cause, or other legal justification for the traffic stop. They knew that Ms. Moore had not violated any vehicle and traffic laws. They knew that the traffic stop was illegal.

15. Upon information and belief, Officer Moroney and Sergeant Srour decided to stop the plaintiffs because they were two young persons who were driving at night in the Bronx. The traffic stop was a pretext to search the plaintiffs and the automobile for evidence of illegal activity.

16. Officer Moroney and Sergeant Srour exited the patrol car and approached Ms. Moore's car. Officer Moroney went to the driver's side window and asked Ms. Moore for her driver's license, which she provided. Officer Moroney did not inform Ms. Moore why she had been stopped. Officer Moroney then returned to the patrol car, presumably to run a computer check on Ms. Moore's driver's license number. Upon information and belief, the computer check was negative.

17. While Officer Moroney was conducting the computer check, Sergeant Srour opened the driver's side door and ordered Ms. Moore to get out of the car. Intimidated and scared, Ms. Moore complied with the officer's command. Sergeant Srour then proceeded to search Ms. Moore's person. Ms. Moore did not resist or physically interfere with the officer's search, but when Ms. Moore asked why she was being searched, Sergeant Srour yelled and cursed at her, including telling her, "You want to give me a fucking hard time, I'm going to give you a fucking hard time."

18. There was no probable cause, arguable probable cause, or other legal justification for Sergeant Srour to search Ms. Moore's person. The search was illegal.

19. Sergeant Srour knew that there was no probable cause, arguable probable cause, or other legal justification to search Ms. Moore. She knew that the search was illegal.

20. No contraband was found on Ms. Moore's person.

21. From inside the car, Mr. Henderson protested what was happening, telling the officer that it was illegal for her to search Ms. Moore without consent. Sergeant Srour asked Mr. Henderson to repeat what he said, which he did. She then called out to Officer Moroney to come and remove Mr. Henderson from the car.

22. Around this time, Mr. Henderson called his father on his cell phone, to tell him what was happening. A few moments later, Officer Moroney opened the passenger door, pulled Mr. Henderson out of the car, and started searching his person. Mr. Henderson did not resist or physically interfere with the officer's search, but stated that he did not consent to the search. Still on his cell phone, Mr. Henderson told his father that the officer was searching him without consent. Officer Moroney ordered Mr. Henderson to hang up the phone, then grabbed and confiscated Mr. Henderson's cell phone.

23. There was no probable cause, arguable probable cause, or other legal justification for Officer Moroney to search Mr. Henderson's person. The search was illegal.

24. Officer Moroney knew that there was no probable cause, arguable probable cause, or other legal justification to search Mr. Henderson. He knew that the search was illegal.

25. No contraband was found on Mr. Henderson's person.

26. After not finding anything illegal on the plaintiffs' persons, Officer Moroney and Sergeant Srour proceeded to search the car.

27. There was no probable cause, arguable probable cause, or other legal justification for the vehicle search. There was no contraband in plain view or otherwise observable by the police officers from outside the vehicle. The vehicle search was illegal.

28. Officer Moroney and Sergeant Srour knew that there was no probable cause, arguable probable cause, or other legal justification for the vehicle search. They did not see any contraband in plain view inside the vehicle. They knew that the vehicle search was illegal.

29. Importantly, the police officers asked the plaintiffs for consent to search the car, but the plaintiffs denied their request and refused to consent to the search. Ms. Moore and Mr. Henderson repeatedly told the officers that they did not have consent to search the car. This angered the officers, who ignored the plaintiffs' protests and searched the car anyway.

30. After 10-15 minutes searching the vehicle, Sergeant Srour found some alleged drug evidence in a closed purse in the back seat of the car. The purse belonged to a friend, not to Ms. Moore.

31. The plaintiffs then were handcuffed and arrested and transported in the patrol car to the 52nd Precinct. The traffic stop lasted approximately 30-45 minutes. The ride to the precinct lasted approximately 10-15 minutes.

32. There was no probable cause, arguable probable cause, or other legal justification for the plaintiffs' arrest, which was the result of an illegal stop, search, and seizure.

33. Officer Moroney and Sergeant Srour knew there was no probable cause, arguable probable cause, or other legal justification for the plaintiffs' arrest, which they knew was the result of an illegal stop, search, and seizure.

34. Mr. Henderson and Ms. Moore were held at the precinct for approximately 4-5 hours. At the precinct, they were strip searched, which was an upsetting and humiliating experience. No contraband was found. They were fingerprinted, photographed, and placed in holding cells. They were frightened, anxious, and bewildered over what was happening to them.

35. When Sergeant Srour was fingerprinting Mr. Henderson, he asked her if the plaintiffs had been arrested because they did not consent to the vehicle search. Sergeant Srour replied affirmatively and admitted that the plaintiffs' refusal had angered the police officers.

36. Mr. Henderson and Ms. Moore were issued Desk Appearance Tickets charging each of them with misdemeanor criminal possession of a controlled substance in the seventh degree (P.L. § 220.03), and then released around 2:30 a.m.

37. There was no probable cause, arguable probable cause, or other legal justification for charging the plaintiffs with this crime, which was the result of an illegal stop, search, and seizure.

38. Officer Moroney and Sergeant Srour knew there was no probable cause, arguable probable cause, or other legal justification for charging the plaintiffs with this crime, which they knew was the result of an illegal stop, search, and seizure.

39. The plaintiffs were not issued any traffic citations.

40. When the plaintiffs were being released, Mr. Henderson asked Officer Moroney for his and his partner's full names and badge numbers; Officer Moroney refused to provide the requested information. The plaintiffs obtained Officer Moroney's identifying information from the criminal complaint in this case. Sergeant Srour's identifying information was obtained in discovery.

41. Mr. Henderson and Ms. Moore were in police custody for approximately 5-6 hours in total.

42. In the criminal complaint, dated April 24, 2013, Officer Moroney alleged that he "observed defendant's [sic] to have in their custody and control, protruding from a wallet, in the center console of said vehicle, one (1) plastic sublingual film and one (1) straw containing residue of white powdery substance." This was a knowingly false and perjured statement. The alleged drug evidence was found in a closed purse in the back seat of the car, which was not and could not have been observed by Officer Moroney or Sergeant Srour from outside the car.

43. Mr. Henderson and Ms. Moore appeared in Bronx County Criminal Court (Docket No. 2013BX033318) on June 18, 2013, and August 14, 2013. On August 14, 2013, the charges against the plaintiffs were dismissed pursuant to C.P.L. § 170.55 (adjournment in contemplation of dismissal). This means that no finding of guilt has been made and the charges against the plaintiffs will be dismissed, sealed, and expunged.

## COUNT ONE:  FALSE ARREST/FALSE IMPRISONMENT
**(Section 1983; Plaintiff Henderson; Officer Moroney, Sergeant Srour)**

44. Plaintiffs repeat and re-allege Paragraphs 1-43 above.

45. As alleged above, Mr. Henderson was seized, detained, arrested, and imprisoned by Officer Moroney and Sergeant Srour.

46. There was no reasonable suspicion, probable cause, arguable probable cause, or other legal justification for Mr. Henderson's seizure, detention, arrest, and imprisonment by Officer Moroney and Sergeant Srour.

47. Officer Moroney and Sergeant Srour are not entitled to qualified immunity for wrongly seizing, detaining, arresting, and imprisoning Mr. Henderson.

48. Officer Moroney's and Sergeant Srour's actions violated Mr. Henderson's clearly established rights under the Fourth Amendment.

49. It was not objectively reasonable for Officer Moroney and Sergeant Srour to believe that their actions did not violate Mr. Henderson's rights.

50. Officer Moroney and Sergeant Srour acted with intentional, knowing, callous, and/or reckless indifference to Mr. Henderson's rights.

51. As a result of Officer Moroney's and Sergeant Srour's unconstitutional conduct, Mr. Henderson suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering (from being handcuffed), and other compensable injuries, for which he is entitled to an award of compensatory damages.

52. Mr. Henderson is entitled to an award of punitive damages to punish Officer Moroney and Sergeant Srour for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## COUNT TWO: FALSE ARREST/FALSE IMPRISONMENT
**(Section 1983; Plaintiff Moore; Officer Moroney, Sergeant Srour)**

53. Plaintiffs repeat and re-allege Paragraphs 1-52 above.

54. As alleged above, Ms. Moore was seized, detained, arrested, and imprisoned by Officer Moroney and Sergeant Srour.

55. There was no reasonable suspicion, probable cause, arguable probable cause, or other legal justification for Ms. Moore's seizure, detention, arrest, and imprisonment by Officer Moroney and Sergeant Srour.

56. Officer Moroney and Sergeant Srour are not entitled to qualified immunity for wrongly seizing, detaining, arresting, and imprisoning Ms. Moore.

57. Officer Moroney's and Sergeant Srour's actions violated Ms. Moore's clearly established rights under the Fourth Amendment.

58. It was not objectively reasonable for Officer Moroney and Sergeant Srour to believe that their actions did not violate Ms. Moore's rights.

59. Officer Moroney and Sergeant Srour acted with intentional, knowing, callous, and/or reckless indifference to Ms. Moore's rights.

60. As a result of Officer Moroney's and Sergeant Srour's unconstitutional conduct, Ms. Moore suffered loss of liberty, insult and embarrassment, emotional pain and suffering, physical pain and suffering

(from being handcuffed), lost income (from being temporarily suspended from her employment based on the charge against her), and other compensable injuries, for which she is entitled to an award of compensatory damages.

61. Ms. Moore is entitled to an award of punitive damages to punish Officer Moroney and Sergeant Srour for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

### COUNT THREE: UNLAWFUL SEARCH OF PERSON
### (Section 1983; Plaintiff Henderson; Officer Moroney)

62. Plaintiffs repeat and re-allege Paragraphs 1-61 above.

63. As alleged above, Mr. Henderson's person was searched by Officer Moroney during the traffic stop in this case.

64. There was no reasonable suspicion, probable cause, arguable probable cause, or other legal justification, for Officer Moroney to search Mr. Henderson's person during the traffic stop.

65. Officer Moroney's actions violated Mr. Henderson's clearly established rights under the Fourth Amendment.

66. It was not objectively reasonable for Officer Moroney to believe that his actions did not violate Mr. Henderson's rights.

67. Officer Moroney acted with intentional, knowing, callous, and/or reckless indifference to Mr. Henderson's rights.

68. As a result of Officer Moroney's unconstitutional conduct, Mr. Henderson suffered loss of liberty, insult and embarrassment, emotional

pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

69. Mr. Henderson is entitled to an award of punitive damages to punish Officer Moroney for his unconstitutional conduct and to deter him from engaging in similar unconstitutional conduct in the future.

## COUNT FOUR:  UNLAWFUL SEARCH OF PERSON
### (Section 1983; Plaintiff Moore; Sergeant Srour)

70. Plaintiffs repeat and re-allege Paragraphs 1-69 above.

71. As alleged above, Ms. Moore's person was searched by Sergeant Srour during the traffic stop in this case.

72. There was no reasonable suspicion, probable cause, arguable probable cause, or other legal justification, for Sergeant Srour to search Ms. Moore's person during the traffic stop.

73. Sergeant Srour's actions violated Ms. Moore's clearly established rights under the Fourth Amendment.

74. It was not objectively reasonable for Sergeant Srour to believe that her actions did not violate Ms. Moore's rights.

75. Sergeant Srour acted with intentional, knowing, callous, and/or reckless indifference to Ms. Moore's rights.

76. As a result of Sergeant Srour's unconstitutional conduct, Ms. Moore suffered loss of liberty, insult and embarrassment, emotional pain and suffering, and other compensable injuries, for which she is entitled to an award of compensatory damages.

77. Ms. Moore is entitled to an award of punitive damages to punish Sergeant Srour for her unconstitutional conduct and to deter her from engaging in similar unconstitutional conduct in the future.

### COUNT FIVE:  UNLAWFUL SEARCH OF AUTOMOBILE
### (Section 1983; Plaintiff Moore; Officer Moroney and Sergeant Srour)

78. Plaintiffs repeat and re-allege Paragraphs 1-77 above.

79. As alleged above, Ms. Moore's automobile was searched by Officer Moroney and Sergeant Srour during the traffic stop in this case.

80. There was no reasonable suspicion, probable cause, arguable probable cause, or other legal justification, for Officer Moroney and Sergeant Srour to search Ms. Moore's automobile during the traffic stop.

81. Officer Moroney's and Sergeant Srour's actions violated Ms. Moore's clearly established rights under the Fourth Amendment.

82. It was not objectively reasonable for Officer Moroney and Sergeant Srour to believe that their actions did not violate Ms. Moore's rights.

83. Officer Moroney and Sergeant Srour acted with intentional, knowing, callous, and/or reckless indifference to Ms. Moore's rights.

84. As a result of Officer Moroney's and Sergeant Srour's unconstitutional conduct, Ms. Moore suffered loss of liberty, insult and embarrassment, emotional pain and suffering, and other compensable injuries, for which she is entitled to an award of compensatory damages.

85. Ms. Moore is entitled to an award of punitive damages to punish Officer Moroney and Sergeant Srour for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future

## COUNT SIX: UNLAWFUL STRIP SEARCH
### (Section 1983; Plaintiff Henderson; Officer Moroney, Sergeant Srour)

86. Plaintiffs repeat and re-allege Paragraphs 1-85 above.

87. The Fourth Amendment prohibits police officers from conducting a suspicionless strip search of a person arrested for a misdemeanor.

88. Mr. Henderson was arrested for misdemeanor criminal possession of a controlled substance in the seventh degree (P.L. § 220.03).

89. As alleged above, Mr. Henderson was strip searched at the precinct by the defendants.

90. There was no reasonable suspicion or other legal justification for Mr. Henderson's strip search by the defendants.

91. Officer Moroney's and Sergeant Srour's actions violated Mr. Henderson's clearly established rights under the Fourth Amendment.

92. It was not objectively reasonable for Officer Moroney and Sergeant Srour to believe that their actions did not violate Mr. Henderson's rights.

93. Officer Moroney and Sergeant Srour acted with intentional, knowing, callous, and/or reckless indifference to Mr. Henderson's rights.

94. As a result of Officer Moroney's and Sergeant Srour's unconstitutional conduct, Mr. Henderson suffered loss of liberty, insult and

embarrassment, emotional pain and suffering, and other compensable injuries, for which he is entitled to an award of compensatory damages.

95. Mr. Henderson is entitled to an award of punitive damages to punish Officer Moroney and Sergeant Srour for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## COUNT SEVEN:  UNLAWFUL STRIP SEARCH
**(Section 1983; Plaintiff Moore; Officer Moroney, Sergeant Srour)**

96. Plaintiffs repeat and re-allege Paragraphs 1-95 above.

97. The Fourth Amendment prohibits police officers from conducting a suspicionless strip search of a person arrested for a misdemeanor.

98. Ms. Moore was arrested for misdemeanor criminal possession of a controlled substance in the seventh degree (P.L. § 220.03).

99. As alleged above, Ms. Moore was strip searched at the precinct by the defendants.

100. There was no reasonable suspicion or other legal justification for Ms. Moore's strip search by the defendants.

101. Officer Moroney's and Sergeant Srour's actions violated Ms. Moore's clearly established rights under the Fourth Amendment.

102. It was not objectively reasonable for Officer Moroney and Sergeant Srour to believe that their actions did not violate Ms. Moore's rights.

103. Officer Moroney and Sergeant Srour acted with intentional, knowing, callous, and/or reckless indifference to Ms. Moore's rights.

104. As a result of Officer Moroney's and Sergeant Srour's unconstitutional conduct, Ms. Moore suffered loss of liberty, insult and embarrassment, emotional pain and suffering, and other compensable injuries, for which she is entitled to an award of compensatory damages.

105. Ms. Moore is entitled to an award of punitive damages to punish Officer Moroney and Sergeant Srour for their unconstitutional conduct and to deter them from engaging in similar unconstitutional conduct in the future.

## **DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, plaintiffs Leeanders Henderson and Alexandra Moore hereby demand a trial by jury as to all issues triable by jury in the above-captioned civil action.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs demand judgment against Defendants for:

A. Compensatory damages in an amount no less than $100,000;

B. Punitive damages in an amount no less than $100,000;

C. Lost income damages in an amount to be proved at trial;

D. Pre-judgment and post-judgment interest;

E. Attorney's fees, costs, and disbursements; and

F. All other relief that the plaintiffs may be entitled to under law, or as justice may require.


Dated:   June 19, 2014
         New York, NY

                              Respectfully submitted,

                              *Steven M. Warshawsky*

By: _____
STEVEN M. WARSHAWSKY (SW 5431)
Empire State Building
350 Fifth Avenue, 59th Floor
New York, NY  10118
Tel:  (212) 601-1980
Fax:  (212) 601-2610
Email:  smw@warshawskylawfirm.com
Website:  www.warshawskylawfirm.com